■ KNOLLWOOD REAL ESTATE COMPANY et al., Respondents, v PLANNING BOARD OF THE VILLAGE OF ELMSFORD, Appellant. —In a proceeding pursuant to CPLR article 78 to review a determination dated February 7, 1984, denying the petitioners' application for subdivision approval, the Planning Board of the Village of Elmsford appeals from a judgment of the Supreme Court, Westchester County (Burchell, J.), entered October 4, 1984, which granted the petition, annulled the determination, and directed it to approve the subdivision application.

Appeal dismissed, without costs or disbursements.

The functions of a village planning board are, in the final analysis, subject to the approval of the village board of trustees (Village Law § 7-720). At no point did the Board of Trustees of the Village of Elmsford authorize the appellant to dismiss the Village Attorney, appoint its own attorney and take the instant appeal. Instead of approving the appellant's actions, the Board of Trustees subsequently passed a resolution exempting the subject property from the necessity of subdivision or plat plan approval, thus rendering the instant appeal moot. Further the Board of Trustees purportedly replaced the appellant Planning Board with a planning commission. Under the circumstances, the matter is not properly before this court. We note, however, that the appellant failed to specify the reasons for its refusal to approve the petitioners'

subdivision application, in contravention of Village Law § 7-728 (4); thus, in any case, the instant appeal is without merit. Gibbons, J. P., Brown, Weinstein and Kooper, JJ., concur.